Marshall O. CROWLEY, Plaintiff,

v.

BOARD OF ZONING APPEALS OF the INCORPORATED VILLAGE OF SOUTHAMPTON, Elise Korman, as ZBA member and individually, and Harold Steudte, as former ZBA member and individually, Defendants.

No. CV 93–2138 (ADS).

United States District Court,
E.D. New York.

Jan. 7, 1995.

Wasserman & Steen, Patchogue, NY by Lewis Wasserman and Pamela L. Steen, for plaintiff.

Marshall, Conway & Wright, P.C., New York City, for defendants (John R. Wright, of counsel).

## MEMORANDUM AND ORDER

SPATT, District Judge:

At the conclusion of the both the plaintiff's case and the entire case, the defendants made a variety of motions on the record for judgment as a matter of law, as to which the Court reserved decision. On January 4, 1995 the jury returned a verdict in favor of the defendants. The jury unanimously determined that the plaintiff Marshall Crowley ("Crowley") did not prove that the Board of Zoning Appeals of the Village of Southampton ("ZBA") singled out the plaintiff for selective treatment with regard to his application for retail use of his property, as compared with other property owners or businesses similarly situated.

Accordingly, to complete the record, and except for the following two motions which the Court will now discuss, the remaining motions by the defendants are denied. Familiarity with the facts of this case is presumed. The defendants remaining in the case prior to the jury's deliberation are (1) The ZBA, (2) Elise Korman, and (3) Harold Steudte.

**Motion for a Judgment as a Matter of Law.**

■ A motion for a judgment as a matter of law is governed by Rule 50(a) of the Federal Rules of Civil Procedure which states, in relevant part, that:

[i]f during a trial by jury a party has been fully heard with respect to an issue and there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party with respect to that issue, the court may grant a motion for judgment as a matter of law against that party on any claim ... that cannot under the controlling law be maintained without a favorable finding on that issue.

Fed.R.Civ.P. 50(a)(1). In explaining this standard, the Second Circuit has recently reiterated that:

the district court may grant the motion only when, viewing the evidence most favorably to the party other than the movant, there can be but one conclusion as to the verdict that reasonable men could have reached. The nonmovant must be given the benefit of all reasonable inferences, because the trial court cannot assess the weight of the conflicting evidence, pass on the credibility of witnesses, or substitute its judgment for that of the jury.

*Weldy v. Piedmont Airlines, Inc.,* 985 F.2d 57, 59–60 (2d Cir.1993) (citations and internal quotations omitted); *see also Kreppein v. Celotex Corp.,* 969 F.2d 1424, 1426 (2d Cir. 1992); *Michelman v. Clark Schwebel Fiber Glass Corp.,* 534 F.2d 1036, 1042 (2d Cir.), *cert. denied,* 429 U.S. 885, 97 S.Ct. 236, 50 L.Ed.2d 166 (1976).

■ This Court is also mindful that "[t]he jury's role as the finder of fact does not entitle it to return a verdict based only on confusion, speculation or prejudice; its verdict must be reasonably based on evidence presented at trial." *Michelman,* 534 F.2d at 1042). When there is a complete absence of evidence to support any finding by the jury in favor of the plaintiffs, then the Court must grant a judgment as a matter of law at the conclusion of the plaintiff's case since there is no issue of fact to submit for the jury's determination. *Weldy,* 985 F.2d at 59–60). *See also Concerned Area Residents For The Environment v. Southview Farm,* 34 F.3d 114 (2d Cir.1994).

It is based upon these legal standards that the Court examines the defendants' motions for judgment as a matter of law.

1. **Motion to Dismiss for Lack of Evidence of a Malicious or Bad Faith Intent to Injure the Plaintiff.**

■ The defendants moved to dismiss the complaint in its entirety as against all the defendants on the ground that the plaintiff failed to present any evidence regarding the required element of a malicious or bad faith intent on the part of the defendants to injure the plaintiff. According to the defendants, no reasonable jury could conclude on the evidence submitted that the defendants acted with any malicious or bad faith intent to

selectively treat the plaintiff in a manner different from others similarly situated. This Court agrees.

At trial, and during the argument of the defendants' motions, the plaintiff raised the following as evidence of the defendants' malice or bad faith: (1) at the time the defendants' rendered their decisions on the plaintiff's requests, they knew they were misapplying state law; (2) the defendant Harold Steudte exclaimed during the hearing that granting the plaintiff's request would give the plaintiff a "windfall"; (3) that during her testimony at the trial of this case the defendant Elise Korman was evasive and remembered very few of the applications before the ZBA; and (4) the defendants' denials of the plaintiff's applications were arbitrary.

In the Court's view, none of the above actions can be reasonably construed as evidence of a malicious or a bad faith intent to injure the plaintiff, as a matter of law. Having failed to put forth evidence in support of the second element of an equal protection claim based on selective application of a neutral village ordinance, *see FSK Drug Corp. v. Perales*, 960 F.2d 6, 10 (2d Cir.1992), *LeClair v. Saunders*, 627 F.2d 606, 609 (2d Cir.1980), *cert. denied*, 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981), the defendants' motion to dismiss the complaint against all of the defendants is granted.

### 2. The Complaint should be Dismissed Against the Individual Defendants on the Basis of Qualified Immunity.

The defendants also moved to dismiss the complaint as against the individual defendants on the ground of qualified immunity. The defendants contend that Crowley did not have a "clearly established right" to the relief he requested, namely equating the off-street parking variance granted by the ZBA in 1975 for office use as tantamount to a similar variance for purposes of retail use of the premises.

■ A government official performing a discretionary function is entitled to qualified immunity if (1) his or her conduct does not violate a clearly established constitutional or statutory right of which a reasonable person

would have known, *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), or (2) it was objectively reasonable for the official to believe their acts did not violate those rights, *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 3039–40, 97 L.Ed.2d 523 (1987). *See also Oliveira v. Mayer*, 23 F.3d 642, 648 (2d Cir. 1994), *Natale v. Town of Ridgefield*, 927 F.2d 101, 104–05 (2d Cir.1991).

■ The Court agrees that the individual defendants in this case are entitled to the defense of qualified immunity. The variance granted to Crowley's predecessor upon which the plaintiff based his application, expressly stated that the applicant would have to reappear before the ZBA if she wished to use the premises in a retail capacity:

> There was a discussion regarding the first floor being used as retail shops and it was determined that the applicant would have to come back to this Board for other than office use as the application was advertised as office building.

Thus, it can be hardly be said that Crowley had a "clearly established right" to convert the valuable and substantial waiver of 55 off-street parking spaces in the variance granted to the premises in conjunction with office use, to an equal variance for purposes of using the premises in a retail capacity. This is especially so in view of the subsequent change in the original ordinance provision requiring substantial payments for the waiver of each off-street parking space.

Moreover, on the basis of the above-quoted language, the Court believes it was objectively reasonable for the individual defendants to deny Crowley's request for a conversion of the variance, and require him to reapply for a another off-street parking variance specifically formulated for retail use of the premises.

Accordingly, the defendants' motion for dismissing the complaint against the individual defendants on the basis of qualified immunity is granted.

For the reasons stated above, it is hereby

**ORDERED,** that the defendants' motion pursuant to Fed.R.Civ.P. 50(a) for judgment as a matter of law dismissing the complaint

in its entirety as against all of the defendants, is granted; it is further

**ORDERED,** that the defendants' motion pursuant to Fed.R.Civ.P. 50(a) for judgment as a matter of law dismissing the complaint as against the individual defendants on the ground that they are entitled to the defense of qualified immunity, is granted; and it is further

**ORDERED,** that the defendants' remaining motions are denied.

**SO ORDERED.**